# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ERICK JAVIER SANTOS BEY | * | |
| Plaintiff | * | |
| v | * | Civil Action No. GJH-18-3472 |
| | | (Related Case: GJH-18-CR-333)[1] |
| DERELL HIGHTOWER,<br>*Badge #1561,*<br>BRIAN McINERNEY,<br>*Badge #5935* | * | |
| | * | |
| Defendants | * | |

\*\*\*

## MEMORANDUM OPINION

The above-captioned case was filed on November 9, 2018, together with a Motion to Proceed in Forma Pauperis. ECF No. 2. The motion provides none of the required information; rather, Plaintiff has simply indicated that all questions asking for sources of income and expenses are not applicable. *Id.* He states he is not employed, has no assets, and "no lawful money." *Id.* at p. 5. Notwithstanding the deficiencies noted, the motion shall be granted for purposes of this case. Plaintiff is cautioned, however, that refusal to provide any information in the future may result in denial of leave to proceed in forma pauperis.

The complaint concerns Plaintiff's claims that he was illegally stopped on two occasions on Maryland's Route 50 because his car did not display a license plate and he was cited for failure to have a driver's license, insurance, or registration for his vehicle. ECF No. 1. He claims he has a constitutional right to travel which may not be infringed by a State's requirements for payment of licensure, registration, or other statutory requirements for operating a vehicle. He invokes this Court's jurisdiction "under the Zodiac Constitution" as well as the Library of Congress and the Treaty and laws of the United States. ECF No. 1-2 at p. 10. He

---

[1] The related criminal case is Plaintiff's attempt to remove a state court criminal traffic matter to this Court.

further claims that as an indigenous person, his substantive rights may not be violated by the State of Maryland or any other State. *Id.* He claims, "[t]he right of power of locomotion; of changing one's situation, or moving one's person to another place one's own inclination, or restraint unless by due course of law" is a personal property right. *Id.* The documents attached to the complaint indicate that Plaintiff is an adherent to the beliefs espoused by the Moorish National Republic, which denounces all authority by the States to enforce its laws against those identifying themselves as followers. ECF No. 1-2.

Plaintiff filed this Complaint in forma pauperis pursuant to 28 U.S.C. § 1915(a)(1), which permits an indigent litigant to commence an action in this Court without prepaying the filing fee. To guard against possible abuses of this privilege, the statute requires dismissal of any claim that is frivolous or malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). This Court is mindful, however, of its obligation to liberally construe self-represented pleadings, such as the instant Complaint. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating such a Complaint, the factual allegations are assumed to be true. *Id.* at 93 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). Nonetheless, liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating a district court may not "conjure up questions never squarely presented."). In making this determination, "[t]he district court need not look beyond the complaint's allegations . . . . It must hold the pro se complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally." *White v. White*, 886 F. 2d 721, 722-723 (4th Cir. 1989).

Contrary to Plaintiff's assertions otherwise, his status as a Moorish American does not immunize him from the requirements to comply with State law. Such assertions have been universally rejected by the federal courts. "[S]uch organizations as the Moorish American Nation and similar imaginary creations . . . are notorious organizations of scofflaws and ne'er-do-wells who attempt to benefit from the protections of federal and state law while simultaneously proclaiming their independence from and total lack of responsibility under those same laws.'" *El-Bey v. United States*, 2009 WL 1019999 (M.D.N.C. Jan. 26, 2009), *see also Metaphyzic El-Ectromagnetic Supreme-El v. Dir., Dep't of Corr.*, 2015 WL 1138246 at *3 (E.D. Va. Mar. 3, 2015), *El v. Mayor of City of New York*, 2014 WL 4954476 at *5 (E.D. N.Y. Sept. 30, 2014), *Maryland v. Ghazi-El*, Civil Action RDB-16-0207, 2016 WL 2736183, at *2 (D. Md. May 11, 2016) (remanding state criminal case). "Neither the citizenship nor the heritage of a defendant constitutes a key ingredient to a . . .court's jurisdiction in criminal prosecutions. . . ." *United States v. White*, 480 Fed.Appx. 193, 194 (4th Cir. 2012).

Even affording the complaint a liberal construction, Plaintiff may not raise claim impugning the legality of criminal charges against him in a civil action while the criminal charges remain pending. *See Heck v. Humphrey*, 512 U. S. 477, 486-87 (1994) (42 U.S.C. § 1983 claims impugning the legality of criminal conviction not cognizable unless conviction is reversed), *see also Wallace v. Kato*, 549 U.S. 384, 393-94 (2007) ("[I]t is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended."). The instant complaint does not, however, raise a colorable constitutional claim given its foundation in a fictitious legal theory based on Plaintiff's asserted alternative citizenship theory. In the event the criminal charges against Plaintiff are

dismissed or overturned on appeal and he has available to him a claim not founded on such a theory, he may file his civil rights action anew.

Accordingly, by separate Order which follows, the Complaint shall be dismissed without prejudice and the Motion to Proceed in Forma Pauperis shall be granted.

11/16/2018
Date

GEORGE J. HAZEL
UNITED STATES DISTRICT JUDGE